THE NEW YORK TRUST CO., TRUSTEE, ET AL. *v.* THE GENERAL STORAGE CO.

(Decided May 20, 1935.)

*Messrs. Fackler & Dye,* for plaintiffs in error.
*Messrs. Krueger, Gorman & Davis,* for defendant in error.

LIEGHLEY, P. J.   The parties were in the same relation in the trial court.   The plaintiffs in error and their predecessors in title will be hereinafter referred to as plaintiffs, or lessors, and the defendant in error, and its alleged predecessor in title, will be designated as defendant, or lessee.

The plaintiffs filed their petition in the Municipal Court of Cleveland to recover a judgment against defendant, for rent alleged to be due and owing under an alleged ninety-nine year lease, in which petition some of the facts hereinafter recited were covered by appropriate averments.   To this petition the defendant filed an answer, in which it specifically denied the material allegations of the petition.   It specifically denied ownership of said leasehold estate.   Trial was had upon the pleadings, an agreed statement of facts and three exhibits designated a "lease," "modification of lease" and "confirmation of lease", which exhibits are incorporated and made a part of the agreed statement of facts and bill of exceptions.   The trial resulted in a judgment for defendant.   Plaintiffs prosecute error to this court to reverse said judgment.

On October 1, 1902, Peter M. Hitchcock and Aaron M. Wilcox were the owners of a parcel of land in the Cuyahoga valley adjacent to the old Superior viaduct. There was a building on the parcel which had an entrance from said viaduct to one of its upper floors. On said date said Hitchcock and Wilcox, predecessors in title of plaintiffs, executed a ninety-nine year lease to a Delaware corporation, known as The General Cartage & Storage Company.   This lease contained generally the usual covenants and provided that lessee

should pay to lessors an annual rental of $5500.00 and pay the taxes and assessments upon the demised premises during the term.

In August, 1904, for reasons satisfactory to the officers and directors of the Delaware corporation, it transferred its business and assets to B. F. Whitman who in turn transferred its business and assets to defendant herein, an Ohio corporation, now known as The General Storage Company.

No formal written assignment of said original lease of 1902 was ever executed by said Delaware corporation to Whitman and by him to this defendant nor was said lease ever assigned directly to this defendant by said Delaware corporation, although the corporate record of this defendant contains a resolution authorizing the acceptance of such assignment.

This defendant thereupon, in 1904, entered into possession of the demised premises and performed all the covenants contained in said original lease, paid the stipulated rental, taxes and assessments without quibble or question in respect to said lease and its terms until certain negotiations were entered into in January, 1930. During all of said period this defendant dealt with said possession and lease as if it were the owner of said leasehold estate. It consistently and continuously, throughout said period, asserted ownership thereof.

Some time prior to January, 1930, the city of Cleveland threatened to and sought to close the old Superior viaduct. This defendant thereupon brought an action and prosecuted same through all the courts to restrain such action of the city. In this action this defendant claimed that it was the owner of said leasehold estate and secured a permanent injunction against the city restraining it from removing said viaduct. Necessarily this defendant based this action upon its claim of ownership of said leasehold estate, as a tenant at

will would have no such interest as would support the prosecution of such an action.

Thereafter, the city of Cleveland instituted appropriation proceedings against both the plaintiffs and this defendant for the assessment of damages due to the removal of said viaduct. It is obvious that this defendant was named a defendant therein by reason of its asserted ownership of a ninety-nine year leasehold estate in said premises. This defendant assumed the burden of the defense in said appropriation action. The case was eventually compromised as a result of negotiations by the terms of which compromise the sum of $55,000 was paid to this defendant. This defendant paid to plaintiffs out of said settlement the sum of $30,000.

As a result of said appropriation proceedings, and doubtless by reason of the change in the character and extent of the demised premises in that the use of the old Superior viaduct was terminated thereby, the plaintiffs and defendant deemed it appropriate and proper that there should be a modification of the original lease of 1902.

Under date of January 28, 1930, the plaintiffs and defendant entered into a written instrument denominated "modification of lease," by the terms of which the rental was reduced to the sum of $4000 per annum, and the lessee given the option for a number of years to purchase the underlying fee for a sum therein stipulated.

In this instrument the history of the above mentioned appropriation proceedings is recited and also that said proceedings and the disputes involved therein have been adjusted and settled by a release to the city of Cleveland by said lessors and said lessee of all their rights as such to connect with said Superior viaduct.

Said modification of lease contains the following paragraphs:

"Whereas, The General Storage Company, an Ohio

corporation, is the successor corporation to The General Cartage & Storage Company, and as such successor is the present owner of said leasehold estate; and

"Whereas, certain disputes have arisen between the lessors as owners of the fee simple title, The General Storage Company, as lessee thereof, and the City of Cleveland, a municipal corporation of Ohio; and * * *,"

Said modification of lease, following a recitation of the history of said proceedings and the settlement thereof, provides that in consideration of the sum of $30,000 paid to lessors, and other good and valuable considerations, the lessors and the lessee agree that said original lease may be modified.

Following this is the provision reducing the rent, and the further provision for the option to purchase.

Said modification of lease also contains the following provision:

"(3). That except as hereby specifically modified, all the convenants and conditions of said original Indenture of Lease shall continue in full force and effect."

This modification of lease was duly executed by the plaintiffs as lessors and this defendant as lessee. It was duly witnessed, acknowledged and recorded. The wives of the individual lessors joined in the execution of the instrument waiving all their right and expectancy of dower.

The lessee continued to enjoy the use and occupation of said demised premises and performed all the covenants and conditions of said original lease as modified. But either the lessors or lessee or both were not content with existing written evidence of said leasehold estate. Although this defendant had expressly asserted in the modification of lease that it was successor to the Delaware corporation and as such the owner of said leasehold estate, further steps were devised and taken to make doubly sure and certain that

plaintiffs recognize defendant as lessee by mutual promise and that defendant agree to perform all the covenants of said original lease as modified and indemnify and save harmless the lessors from any claim or demand of the Delaware corporation.

To this end, these plaintiffs and this defendant on the 1st day of October, 1930, executed a document denominated "confirmation of lease." The recitals and the apparent purposes thereof are best set forth by the language incorporated in the confirmation of lease itself:

"Whereas, the Ohio corporation claims to be Lessee under a certain Indenture of Lease from Peter M. Hitchcock and Aaron N. Wilcox, to The General Cartage & Storage Company, dated October 2, 1902, and recorded in Vol. 29, page 320 et seq., of Cuyahoga County, Ohio, records, such lease having been modified by a Modification Agreement between the parties hereto dated January 28, 1930, and recorded in Vol. 177, pages 296 to 299 of Cuyahoga County, Ohio, records; and the following facts appearing, viz:

"The General Cartage & Storage Company of Delaware herein called the Delaware Corporation, being engaged in the warehousing and carting business in Cleveland, Ohio, executed the above mentioned lease and took possession of the premises described therein. Thereafter, it appearing to the directors and stockholders of that corporation that it would be more advantageous to reorganize their company under the laws of Ohio, they accordingly incorporated the Ohio corporation in that State and on August 16, 1904, at meetings held by them for that purpose, approved and authorized a sale of the leasehold estate above mentioned and the other assets of the Delaware corporation to B. F. Whitman to be by him transferred to the Ohio corporation.

"On the same date, the shareholders and directors of the Ohio corporation, at meetings held by them for

that purpose, approved and authorized the purchase
of the above leasehold and other assets and the as-
sumption of the obligations of the Delaware corpora-
tion by the Ohio corporation. No written assignments
of the above lease, however, nor any Bill of Sale of the
assets was ever made.

"Thereafter all of the stockholders of the Delaware
Corporation turned in their stock and received back
stock of the Ohio corporation, which took possession
of the leasehold and assets of the Delaware corpora-
tion and paid off its obligations and has performed
and is performing all the covenants of the above lease.
The Delaware corporation on its part has failed to
maintain its corporate status or keep its charter in
good standing and there are therefore no directors,
officers or stockholders who can make any assignment
of the lease above described.

"Now, Therefore, for the purpose of confirming the
Ohio corporation as lessee under the above described
lease, as modified by the aforementioned Modification
agreement, and in consideration of the agreements of
the parties hereto:

"The Lessors hereby confirm and agree to accept
the Ohio corporation as the lessee under the above
lease and modification thereof; and

"The Ohio corporation hereby agrees to perform all
the covenants and agreements of the lessee set forth
in said lease and Modification Agreement, and to in-
demnify and save harmless the lessors from any and
all claims or demands of the Delaware corporation, or
anyone claiming by, through or under it, arising out
of and by virtue of this Confirmation of Lease."

This confirmation of lease was duly executed by
these plaintiffs as lessors and this defendant as lessee.
The wives of the individual plaintiffs joined in the
execution thereof. This document was duly witnessed,
acknowledged and recorded.

Thereafter, defendant continued in the peaceful en-

joyment of said premises and performed its covenants until 1933, when it defaulted in the stipulated rentals for that year in the total sum of twenty-five hundred dollars. It is conceded that plaintiffs are entitled to judgment, if defendant is liable as lessee.

Defendant now denies that it is lessee or ever was lessee, or ever was the owner of said leasehold estate. This denial is grounded upon the fact that no written assignment of the original lease was ever executed and recorded.

It should be noted that we are concerned only with the immediate parties to this lease, modification of lease and confirmation of lease. The rights of no third party or parties have intervened.

So that, this defendant enjoyed the peaceful possession and benefits of this leasehold estate for about thirty years with the full understanding and belief on the part of the lessors that it was the lessee. This defendant for said period paid the stipulated rentals, taxes and assessments and otherwise performed the covenants and conditions of said original lease and said lease as modified. During all said period this defendant vehemently asserted its ownership thereof in court under oath of its officers and out of court. It asserted its ownership in the modification of lease. It asserted its ownership in the confirmation of lease, and in consideration of the lessors recognizing it as lessee agreed to perform all the covenants of the modified lease and agreed to hold lessors harmless from any claims of the Delaware corporation.

In fact, it executed this confirmation of lease, which was duly witnessed, acknowledged and recorded, with all the formality of a deed, in which instrument this defendant carefully and deliberately recited facts to the effect that the transfer from the Delaware corporation to the Ohio corporation was a mere change of name and transfer from the former state to the latter of its corporate home to serve its own purposes, and

at all times acknowledged that it was the successor in title of said Delaware corporation. So far as disclosed, both corporations were manned by the same officers. The stockholders by exchange of certificates were the same. The business was the same without any interruption by reason of change of corporate name. If lessors knew, they were silenced and misled by the conduct and claims of ownership repeatedly made by defendant. It now undertakes to repudiate its conduct of thirty years and inconsistently denies that it is the successor corporation by mere change of name and transfer of corporate home; and inconsistently now claims that its former sworn declarations in court were untrue—all for its own convenience and to serve its present purpose.

The plaintiff asked leave before trial below to file a reply to specifically claim estoppel. If the allegations of the petition are not sufficient to raise this claim, then leave to file a reply should have been granted. It is our opinion that the defendant is now estopped to deny its ownership of said leasehold estate and to deny that it is the lessee thereof.

But our decision is not grounded upon estoppel alone. The original lease was incorporated by reference into the modification of lease. The original lease and the modification of lease were incorporated by reference and made a part of the confirmation of lease. In this latter instrument, executed in 1930, this defendant in legal effect expressly assumed and agreed to perform the covenants and conditions of the original lease as modified, and expressly declared itself to be the successor in title of the original lessee, and studiously set forth an explanation of the preceding history and facts that constituted it the successor in title and lessee of said premises. Why was this not a subject and condition about which these parties could contract? The land of lessors was encumbered with an outstanding ninety-nine year lease. Defendant was in

possession and said it was in fact the owner thereof as lessee. It represented that' the original lessee was non-existent and desired to step into its shoes. Lessors and lessee made mutual promises and reduced their understanding and agreement to writing in the confirmation of lease.

Being a matter that concerns the lessors and lessee alone, it might well be urged that there was in fact an assignment. The Delaware corporation resolved to assign. The Ohio corporation resolved to accept the assignment. The formal written assignment was overlooked and never made. The entire business was taken over. The leasehold was continuously utilized by the intended assignee. The lessors recognized this defendant as such, and accepted the rents from it as lessee during the intervening years. The defendant in all respects stepped into the shoes of its intended assignor and fully acknowledged its obligations under the lease, the same as if the assignment had been executed. Having accepted the rents for many years, the lessors were in no position in 1930 to assert that they never consented to the assignment. They thereby waived their right to so contend. Likewise, by virtue of the conduct of the lessee for the same period, it has waived its right to contend that there was no assignment in legal effect as between the immediate parties to said lease as modified.

Law is cited by defendant to the effect that an interest in land can only be transferred by complying strictly with the specific requirements of the statutes, with which authorities we are in full accord. However, the facts in this case are conspicuously and distinctly different from the facts in any case cited. This defendant herein seeks to use its own neglect and omission for its own gain to the detriment of lessors who acted in good faith at all times throughout the years in the belief that defendant was their lessee induced by

the conduct, declarations and representations of defendant.

If the specific and undisputed facts and circumstances in respect to the conduct of the parties for almost thirty years, the continuously asserted claim of ownership by lessee, the strict performance of the conditions and covenants of the original lease and modification of lease, the circumstances attendant upon the transfer from one corporation to the other, be not a full equivalent of a formal assignment between the immediate parties to the lease, then said "confirmation of lease" by its terms and mutual covenants does indeed bind the lessors and lessee as such for the remainder of the term thereof. The execution of this document affirms in effect a prior assignment and that each regarded their prior relations as though one had been executed.

For the foregoing reasons, it is our opinion that the judgment is contrary to law and same is reversed with exceptions noted. Final judgment for plaintiff in error in the sum of twenty-five hundred dollars ($2500.00).

*Judgment reversed.*

Levine and Terrell, JJ., concur.